IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| Mike O. Salazar, An Individual, § <br> on behalf of himself and on § <br> behalf of all others similarly situated, § <br> § <br> *Plaintiff,* § <br> § <br> vs. § <br> § <br> Bloomin' Brands, Inc.; § <br> OSI Restaurant Partners, LLC; § <br> Outback Steakhouse of Florida, LLC; § <br> and OS Restaurant Services, LLC, § <br> f/k/a OS Restaurant Services, Inc. § <br> (all doing business as § <br> Outback Steakhouse #4425), § <br> § <br> *Defendants.* § | CIVIL ACTION NO. 2:17-cv-0040 |

---

**JOINT SUPPLEMENTAL BRIEFING TO APPROVE PARTIAL SETTLEMENT**

---

Plaintiff, MIKE O. SALAZAR and Defendants BLOOMIN' BRANDS, INC, OSI RESTAURANT PARTNERS, LLC, OUTBACK STEAKHOUSE OF FLORIDA, LLC, and OS RESTAURANT SERVICES, LLC (collectively, "the Parties") move the Court to approve the Parties' settlement agreement as it pertains to Plaintiff's claims brought under the Fair Labor Standards Act ("FLSA") in Plaintiff's Fifth Federal Claim for Relief. The Parties have negotiated the terms of the settlement agreement at arm's length and those terms are mutually satisfactory and reasonable. The Court's approval of the settlement agreement[1]

---

[1] A copy of the Settlement Agreement is attached as Exhibit "A" to this briefing.

and entry of an Order dismissing Plaintiff's Fifth Federal Claim for Relief, with prejudice, will consummate the agreement between the Parties.

## DESCRIPTION OF THE ACTION

1. On March 2, 2015, Plaintiff filed an eight-count Complaint alleging various violations of federal and state statutes, the Constitution of the United States, and Texas common law. Plaintiff's Fifth Federal Claim for Relief alleges various violations of the FLSA, including improper tip pool participants, and off-the-clock work in violation of the FLSA's minimum wage and overtime provisions. [ECF No. 1.]

2. On November 12, 2015, this Court entered an order *sua sponte* requesting briefing on the possibility of transferring the case under the first-to-file rule based on the Parties' disclosure that Plaintiff was a potential class member of a FLSA collective action case pending final approval of settlement in the District of Nevada before the Honorable Jennifer A. Dorsey.[2] Following briefing by the Parties, this Court ordered the entire case transferred to the District of Nevada. The case was assigned to the Honorable Richard F. Boulware.

3. After the settlement reached in the Cardoza matter was granted final approval, the Parties petitioned the Court to transfer the case back to this Court because the facts of the case occurred in this jurisdiction and because there was no longer a risk of Judge Dorsey making a ruling that differed from one made by this Court. Plaintiff ultimately chose not to opt into the settlement in Cardoza, instead deciding to maintain his own FLSA claim. On January 27, 2017, the District of Nevada entered an Order transferring the case back to this

---

[2] Cardoza v. Bloomin' Brands, Inc. et al., Case No. 2:13-cv-01820-JAD-NJK

Court.

4. The merits of Plaintiff's FLSA claim in this litigation are in dispute, as are Plaintiff's chances to move forward on a collective basis under § 216(b). Defendants maintain that they did not violate the FLSA and that the overall value of Plaintiff's claims is minimal, especially given the fact that similar claims in the <u>Cardoza</u> case produced a relatively low individual recovery for each class member.

5. The Parties have engaged in extensive settlement negotiations, exchanging analysis and documentation to allow both Parties a full understanding of the facts of this case. The Parties considered their own risk in further litigating this matter and decided to reach this agreement in compromise of Plaintiff's claim.

## **TERMS OF THE SETTLEMENT AGREEMENT**

6. The Parties have agreed to settle this action and provide for a release of Plaintiff's Fifth Federal Cause of Action as part of a global settlement, the terms of which are set forth in the attached Settlement Agreement. The parties agree that the total settlement payment of $3,000 adequately compensates Plaintiff for his FLSA claim.

7. Plaintiff will receive a total amount of $3,000. Of that $3,000, $1,500 will be for contested claims of unpaid wages and will have all usual taxes and withholdings removed. Another $1,500 is in compromise for Plaintiff's contested claims for liquidated damages.

8. Plaintiff's counsel is not taking a fee or collecting costs in this matter and, therefore, Plaintiff will receive all settlement funds negotiated on his behalf.

## **MEMORANDUM OF LAW**

Parties are required to seek court approval of a private settlement of a claim for back wages arising under the FLSA. The Eleventh Circuit has held that:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

Lynn's Food Stores, Inc. v. United States Dep't of Labor, 679 F.2d 1350, 1352-53 (11th Cir. 1982).

To approve the settlement of a FLSA collective action, the Court must "determine whether (1) the settlement involves the resolution of a bona fide dispute over an FLSA provision and (2) the settlement is fair and reasonable." Altier v. WorleyCatastrphe Response, LLC, 2012 WL 161824, at *13 (E.D. La. Jan 18, 2012) (citations omitted). In determining whether the settlement is fair and reasonable the Court should consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. Leverso v. South Trust Bank of Ala., Nat. Assoc., 16 F.3d 1527, 1531 n.6 (11th Cir. 1994). A strong presumption exists to find a settlement fair and reasonable. Hamilton v. Frito-Lay, Inc., 2007 WL 219981

at *2 (M.D. Fla. Jan. 26, 2007).

Plaintiff was represented by counsel for the entirety of this litigation and Plaintiff agrees that the amount to be paid to him is fair. Therefore, the Parties represent that no fraud or collusion is present with regards to this settlement.

The complexity, expense, and length of future litigation, and the stage of the proceedings and discovery completed also favor this settlement. The Parties have exchanged relevant documents and have engaged in extensive settlement discussions. Although the Parties have incurred expenses due to the length that this case has been active, the Parties understand that the case is still in its early stages and continuing the litigation would subject the Parties to a large expense in potentially briefing motions for summary judgment and the greatest expense of the litigation process – a trial. At this juncture, the Parties agree that avoiding the large costs associated with proceeding with this litigation is in the best interest of both Parties.

The Parties agree that factors 4 and 5, which look at the likelihood of Plaintiff prevailing at trial and the possible range of recovery, are in dispute. The potential amount owed in overtime and minimum wage compensation, if any, varies based upon the frequency that the tip pool was invalidated and that Plaintiff worked off the clock, if at all. Because the time spent training on BBI or engaging in what Plaintiff calls "Outback Time" would have been minimal over a two or three-year period (which is also in dispute), the Parties agree that the range of damages on this claim could reasonably fall between $0 and $7,500 plus liquidated damages based on the Parties' evaluation of Plaintiff's claims.

Additionally, this case presents the issue of a pending Motion for Conditional

Certification. Plaintiff understands that there is a low likelihood of approval given that no one has opted into the lawsuit, Plaintiff has not identified anyone who might be interested in opting in to the lawsuit, and that any person who would potentially receive notice would have already received a similar notice and had the opportunity to opt in to the <u>Cardoza</u> case. Given that information and the relatively low recovery after more extensive discovery that the <u>Cardoza</u> class was able to obtain, and the evidence and potential outcomes, counsel for both parties agree that the settlement amount is fair and reasonable. Further, the Parties' willingness to enter into this settlement is motivated by the recognition and appreciation that FLSA litigation can lead to unexpected results.

The resolution of this claim was reached as a result of an arm's-length adversarial negotiations process. The Parties agree that the settlement reached between them represents a fair and reasonable resolution to Plaintiff's claims for damages brought under the FLSA.

The Parties agree that the settlement agreement entered into does not contain any inappropriate terms that would reduce the value of the settlement to Plaintiff and that the settlement reached advances judicial economy and should be approved by the Court.

## **CONCLUSION**

Based on the foregoing, the Parties jointly and respectfully request that this Court approve the Parties' settlement agreement as it relates to Plaintiff's Fifth Federal Claim for Relief brought under the FLSA and dismiss that claim with prejudice.

Dated this 4th day of May 2018.

Respectfully submitted,

/s/ Mynor "Eddie Rodriguez"
Mynor "Eddie" Rodriguez
Attorney in Charge
State Bar No. 24037381
S.D. Bar No. 119822
LAW OFFICE OF MYNOR E. RODRIGUEZ P.C.
1300 McGowen, Suite 280
Houston, TX 77004
(832) 779-1081 (Office)
(832) 553-7420 (Facsimile)
mrodriguez@rodrigueztrialfirm.com

**ATTORNEY FOR PLAINTIFF**

/s/ Kevin D. Johnson
Kevin D. Johnson*
Attorney in Charge
State Bar No. 0013749
Christopher C. Johnson*
State Bar No. 0105262
**JOHNSON JACKSON LLC**
100 N. Tampa St., Suite 2310
Tampa, FL 33602
(813) 580-8400 (Office)
(813) 580-8407 (Facsimile)
kjohnson@johnsonjackson.com
cjohnson@johnsonjackson.com

Jay R. Aldis
State Bar No. 00785656
S.D. Bar No. 16956
**BRACEWELL LLP**
711 Louisiana St., Suite 2300
Houston, TX 77002
(713) 221-1181 (Office)
jay.aldis@bracewell.com
alice.liu@bracewell.com

*admitted *pro hac vice*

**ATTORNEYS FOR DEFENDANTS**